**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**OSCAR CASTRO-GOMEZ**                                                          **PLAINTIFF**

v.                                     **4:09CV00381-WRW**

**FAULKNER COUNTY, ARKANSAS,** *et al.*                         **DEFENDANTS**

**ORDER**

Pending is Defendants' Motion to Stay (Doc. No. 15). Plaintiff has responded.[1]

**I.  BACKGROUND**

Plaintiff, Oscar Castro-Gomez, is suing Defendants ("Faulkner County") under 42 U.S.C. §§ 1983 and 1985, as well as under state law.[2] On April 19, 2009, Faulkner County arrested Mr. Castro-Gomez, and three days later charged him with theft of property.[3] Faulkner County later dropped the charges, but did not release Mr. Castro-Gomez.[4] When Mr. Castro-Gomez's lawyer contacted Faulkner County, they explained that Mr. Castro-Gomez was still in custody due to an immigration hold.[5] Faulkner County released Mr. Castro-Gomez on May 20, 2009, approximately thirty-two days after his arrest, and the next day his lawyer filed his Complaint.[6]

---

[1] Doc. No. 17.

[2] Doc. No. 1.

[3] Doc. No. 16-1.

[4] Doc. Nos. 1, 16-1.

[5] Doc. No. 1.

[6] *Id.*

1

## II.     DISCUSSION

In support of their Motion to Stay, Faulkner County cites the Supreme Court cases *Heck v. Humphrey*[7] and *Wallace v. Kato*[8] for the proposition that, if a judgment for the claimant in his civil rights action challenges the validity of a related criminal matter, it may proceed only after the criminal matter is vacated.  These cases are distinguishable from the present case because all underlying charges against Mr. Castro-Gomez have been dropped.  To warrant a stay, Faulkner County must explain why the rule in *Heck*, and cases interpreting it, should be read so broadly that it would extend to administrative hearings.

The prosecution suggests that a deportation order in Mr. Castro-Gomez's immigration removal proceeding *could* derail his civil suit.  But the *Heck* rule only addresses the relationship and potential conflict between findings in a criminal case and civil case.  I see no direct conflict between Mr. Castro-Gomez's civil suit and the administrative proceedings that *might* result in his deportation.  I'm much inclined to deal with actual problems, not potential ones, so I will not stay Mr. Castro-Gomez's civil suit at this time.[9]  In other words, Faulkner County has not shown a stay to be a necessity in this case.

Accordingly, the Motion to Stay (Doc. No. 15) is DENIED.

IT IS SO ORDERED this 8th day of July, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[7]*Heck v. Humphrey*, 512 U.S. 477 (1994).

[8]*Wallace v. Kato*, 549 U.S. 384 (2007).

[9]See *Heck*, 512 U.S. at 487 ("if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit") (Emphasis in original.)